IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff / Respondent,<br><br>v.<br><br>VICTOR SANCHEZ SEPULVEDA,<br><br>Defendant / Movant.<br>_____/ | 1:12-cv-01165-AWI<br>1:02-cr-05408-AWI<br><br>**ORDER DENYING PETITIONER'S MOTION FOR FAST TRACK REDUCTION** |

On August 2, 2002, Defendant / Movant Victor Sanchez Sepulveda ("Movant") was convicted by a jury of conspiracy to aid and abet the manufacture of methamphetamine, attempted possession of pseudoephedrine with intent to manufacture methamphetamine, and use of a communications facility to facilitate a drug trafficking crime.

On July 16, 2012, Movant filed a motion seeking reduction in sentence based on 18 U.S.C. § 3582(c)(2) and 18 U.S.C. § 3553(a). Movant alleges that he is eligible for the so called "Fast Track" reduction, allowing up to a four level downward departure pursuant to U.S.S.G. § 5K3.1. For the reasons set forth below, Movant's motion will be DENIED.

A Departmental Policy on Early Disposition Memorandum was promulgated to all United States Attorneys by the Office of the Attorney General on January 31, 2012. In its introduction it provides:

> This memorandum sets forth the revised policy and criteria for fast-track programs. It provides only internal Department of Justice guidance. It is not intended to, does not, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any matter civil or criminal, nor does it place any limitations on otherwise lawful litigative prerogatives of the Department.

Department Policy on Early Disposition or "Fast Track" Programs, 25 Fed.Sent.R. 53, 2012 WL 6620439 (Jan. 31 2012). Contrary to Movant's suggestion, the memorandum does not require (nor does it have the authority to grant) retroactive application of early disposition reductions or provide any substantive rights.

Title 18 of the United States Code Section 3582(c)(2) provides that "the court may not modify a term of imprisonment once it has been imposed except in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)…" *See Dillon v. United States*, 560 U.S. 817, 826 (2010) (explaining that a Section 3582 reduction is authorized only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"—namely, § 1B1.10. The statute thus establishes a two-step inquiry. A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).") The Sentencing Commission's policy is explicit: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if (A) none of the amendments listed in subsection (c) is applicable to the defendant." U.S.S.G. § 1B1.10(a)(2). *See also id*. app. note 1(A) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guidelines range."). A memorandum issued by the Office of the Attorney General is not an act of the Sentencing Commission to lowered the sentencing range pursuant to 28 U.S.C. § 994(o) and the Sentencing Commission has not

otherwise lowered the guideline range for any of the above-listed offenses. Accordingly, Movant's claim of entitlement to relief pursuant to section 3582 is in error.

Finally, Movant does not meet the "[m]inimum [r]equirements for 'Fast Track' [p]lea [a]greement" set out by the memorandum. In order for a defendant to be eligible for a "Fast Track" departure, by the terms of the memorandum, he or she must be charged with or convicted of illegal reentry under 8 U.S.C. § 1326, "enter into a written plea agreement… stipulat[ing] to the facts of the prior conviction and removal" "within 30 days of … being taken into custody on federal charges…," and agree to waive appeal and most grounds for collateral attack. DOJ Memo to Prosecutors: Department Policy on Early Disposition or "Fast Track" Programs, 25 Fed.Sent.R. 53, 55; *see U.S. v. Valencia*, 2012 WL 4888470, at *1 (N.D. Cal. 2012). Movant was neither charged nor convicted of illegal reentry nor did he enter a plea of guilty. For this reason, Movant is ineligible for "Fast Track" departure.

For the foregoing reasons, Movant's motion is DENIED.

IT IS SO ORDERED.

Dated: __April 15, 2014__          _____
                                    SENIOR DISTRICT JUDGE