# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR SANCHEZ SEPULVEDA,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CASE NO. 1:02-CR-5408 AWI-3<br>(1:19-CV-0301 AWI)<br><br>ORDER ON MOTION FOR AUTHORIZATION TO PROCEED UNDER 28 U.S.C. § 2255<br><br>(Doc. No. 428) |

In late August 2004, Petitioner was found guilty of violating 18 U.S.C. § 2 and 21 U.S.C. §§ 841, 843, and 846 in relation to the manufacture and possession methamphetamine. See Doc. Nos. 210, 212. On April 18, 2005, Petition received three concurrent sentences, the result being a functional sentence of 292 months in prison and 120 months of supervised release. See Doc. Nos. 277, 286. The Ninth Circuit affirmed Petitioner's sentence on direct appeal. See Doc. No. 364.

On March 26, 2007, the Court denied Petitioner's 28 U.S.C. § 2255 petition. See Doc. Nos. 367, 368. The Ninth Circuit declined to issue a certificate of appealability with respect to Petitioner's denied petition. See Doc. No. 402.

On March 4, 2019, the Court received Petitioner's "Motion For Authorization To Proceed Under 28 U.S.C. § 2255(B) To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody." See Doc. No. 428. In his motion, Petitioner requests that he be granted authorization to pursue a § 2255 petition in light of the recent Supreme Court case *Sessions v. Dimarya*, 138 S.Ct. 1204 (2018).

In order to file a successive § 2255 petition, a petitioner must obtain a certification from the appropriate Circuit Court of Appeals, in this case the Ninth Circuit. See 28 U.S.C. § 2255(h); Ezell v. United States, 778 F.3d 762, 764 (9th Cir. 2015); United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011). Because this Court does not have the ability to grant authorization for Petitioner to proceed in his proposed successive § 2255 motion, the Court must deny Petitioner's request.[1]

Additionally, Petitioner's motion was docketed as a § 2255 petition. However, because the motion seeks authorization to proceed under § 2255, it is a motion for authorization, it is not a § 2255 petition. Therefore, the Court will order the Clerk to correct the docket to accurately characterize Petitioner's motion.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk shall change the docket so that Doc. No. 428 is entitled: Motion For Authorization To Proceed Under 28 U.S.C. § 2255; and

2. Petitioner's motion for authorization (Doc. No. 428) is DENIED without prejudice to refiling with the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

Dated:   March 6, 2019

_____
SENIOR DISTRICT JUDGE

---

[1] Without authorization/certification from the Ninth Circuit, this Court lacks jurisdiction to entertain a successive § 2255 petition. See Ezell, 778 F.3d at 765; Washington, 653 F.3d at 1065.

2